# In the United States Court of Federal Claims

No. 18-1216C
(Filed: August 12, 2019)

|  |  |
|---|---|
| JARURN INVESTORS, LLC, | ) )  Motion to Dismiss; RCFC 12(b)(1); |
| Plaintiff, | )  RCFC 12(b)(6); Subject Matter )  Jurisdiction; Failure to State a Claim; )  Contract Interpretation; Contract |
| v. | )  Disputes Act; Implied Covenant of )  Good Faith and Fair Dealing; Unjust |
| THE UNITED STATES, | )  Enrichment. ) |
| Defendant. | ) ) ) |

*Nicolas J. Racioppi, Jr.,* Morristown, N.J., for plaintiff. *Khaled J. Klele* and *Ashley N. Higginson*, Morristown, N.J., on the brief.

*Andrew Hunter,* Civil Division, United States Department of Justice, Washington, D.C., with whom were *Joseph H. Hunt*, Assistant Attorney General, *Robert E. Kirschman, Jr.*, Director, and *Misha Preheim*, Assistant Director, for defendant. *Redding C. Cates*, United States Postal Service, Washington, D.C., of counsel.

# **O P I N I O N**

**FIRESTONE**, *Senior Judge*

      Pending before the court is the United States' (the "government") motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims ("RCFC") (ECF 8). The underlying action was filed by plaintiff, Jarurn Investors, LLC ("Jarurn"), on August 14, 2018. Jarurn is the owner and landlord of a property leased by the United States Postal Service ("USPS"). Jarurn is seeking $32,800 in connection with the removal of asbestos floor tiles at the property leased by USPS.

Compl. ¶ 23. Jarurn seeks damages based on theories of breach of contract, breach of the implied covenant of good faith and fair dealing, and unjust enrichment. *Id*. at ¶¶ 24-35.

On December 14, 2018, the government moved to dismiss Jarurn's breach of contract claim and breach of the implied covenant of good faith and fair dealing for failure to state a claim upon which relief can be granted and to dismiss Jarurn's unjust enrichment claim for lack of jurisdiction. For the reasons that follow, the court agrees with the government and **DISMISSES** all of Jarurn's claims.

I.    FACTUAL AND PROCEDURAL BACKGROUND

    A.    The Lease Agreement Between Parties

The following facts are taken from Jarurn's complaint and are deemed true for the purposes of this decision. Jarurn owns the premises located at 347 Georges Road, Dayton, New Jersey (the "Premises"). Compl. ¶ 1. In 1970, USPS entered into a lease agreement (the "1970 Lease") with Jarurn's predecessor in interest. *Id*. at ¶ 8. The 1970 Lease contained built-to-suit specifications in which USPS provided for improvements to the Premises, including the installation of asbestos tile flooring. *Id.* at ¶ 9. In 1995, Jarurn acquired the Premises, subject to USPS' then-current lease. *Id.* at ¶ 10. The parties have since maintained a continuous landlord/tenant relationship. *Id.* at ¶ 11.

The parties entered the subject lease in 2015 (the "2015 Lease"). Compl. ¶ 12. Section 9 of the General Conditions to the 2015 Lease states in relevant part: "[u]nless due to the act or negligence of the Postal Service, if . . . friable asbestos material or any other hazardous/toxic materials or substances … are subsequently identified on the premises, the Landlord agrees to remove such materials or substances upon notification

by the Postal Service at Landlord's sole cost and expense. . . ." *Id.* at ¶ 15; Ex. A at GC-2 § 9.[1] The 2015 Lease became effective on May 1, 2015 and will expire on April 30, 2020. *Id.* Ex. A at 1 § 2 ("TO HAVE AND TO HOLD the said premises with their appurtenances for the following term: FIXED TERM: The term becomes effective May 01, 2015 with an expiration date of April 30, 2020, for a total of 5 Years.").

### B.     Alleged Breach

Jarurn received a Notice of Maintenance Enforcement ("Notice of Maintenance") from USPS demanding the repair and replacement of cracked and missing asbestos floor tiles on October 27, 2015. Compl. ¶ 13. The Notice of Maintenance came after several months of discussions between USPS and Jarurn concerning the repair and replacement of the floor tiles. *Id.* at ¶ 13; Ex. D. The Notice of Maintenance stated that two separate certified letters, dated January 13, 2015 and July 1, 2015, informed Jarurn of the need to repair the flooring and that Jarurn acknowledged that it had received the letters on January 22, 2015 and July 7, 2015. *Id.* at Ex. D. The Notice of Maintenance further stated that Jarurn had been further advised that USPS would act to correct the repairs if Jarurn did not meet the specified completion dates of February 12, 2015 and July 24, 2015 and would deduct the cost of the repair and replacement from the rent. *Id.*

---

[1] USPS has since changed this language in its form lease to now state "[u]nless due to the negligence of the Postal Service, if after the Lease Commencement Date or any renewal thereof . . . upon notification by the Postal Service, Landlord agrees to remediate such Environmental Contamination to the extent required by Environmental Laws." Compl. ¶ 18; Ex. E.

Earlier, on August 24, 2015, Jarurn, in response to the letters it had received from USPS regarding the floor tiles, informed USPS via letter that removing the tiles would require remediating the asbestos associated with those tiles. Compl. ¶ 19., Ex. F. Jarurn also informed USPS that it read the 2015 Lease as requiring USPS to pay for the asbestos removal cost. *Id.* Jarurn explained that under Section 9 of the 2015 Lease, any damage or environmental remediation required "due to the act or negligence" of USPS would be USPS's responsibility. *Id.* at Ex. F. Jarurn asserted that, because USPS had required the original landlord to install asbestos tiles back in 1970, USPS was responsible for the cost of removing the damaged asbestos tiles. *Id.* The letter concluded by stating that Jarurn would be willing "to replace the damaged tiles provided Tenant removes and disposes of all friable [asbestos] as required by law and regulation." *Id.*

USPS replied to Jarurn on September 22, 2015, stating its position that Jarurn and not USPS is responsible for the cost of replacing the asbestos floor tiles, relying on the Maintenance Rider contained in the 2015 Lease.[2] *Id*. at ¶ 19, Ex. G.  USPS stated in that email that if Jarurn failed to complete the tile replacement, "the Postal Service has the legal right to contract for the work and to charge [Jarurn] for such work . . . and deduct all such costs, fees and interest from [Jarurn's] rent." *Id.* at Ex. G.

---

[2] The Maintenance Rider states in part: "The Landlord shall, except as otherwise specified herein and except for damage resulting from the act or negligence of Postal Service agents or employees, maintain the demised premises… in good repair and tenantable condition… Landlord's duties include repair and replacement as necessary." Def.'s Mot. to Dismiss, Ex. 1.

4

Jarurn responded to the Notice of Maintenance on February 1, 2016 by sending a Notice of Default to USPS which declared that USPS' failure and refusal to assume the obligation of asbestos remediation placed USPS in default of its obligations under the 2015 Lease. *Id.* at Ex. H. Jarurn reiterated its position in its Notice that USPS was in default because USPS caused the tiles to be installed. *Id.* Jarurn agreed, however, to perform the remediation and replacement work while reserving its claims against USPS. *Id.* at ¶ 20, Ex. H.

USPS replied on March 18, 2016, disputing Jarurn's interpretation of the 2015 Lease. *Id.* at Ex. I. Nonetheless, USPS agreed that Jarurn could proceed with replacing the asbestos floor tiles while preserving a claim for the removal costs, consistent with paragraph 8 of the 2015 Lease, the Claims and Disputes provision. *Id.* at ¶ 21; *id.* at Ex. I.

Thereafter, Jarurn retained Stevens Environmental Services to perform the remediation work. *Id.* at ¶ 22. Jarurn received invoices from Stevens on June 16, 2016, September 5, 2016, and March 16, 2017. *Id.* at ¶ 23. The cost of the asbestos removal and abatement came to $32,800. *Id.* at ¶ 23. This amount is only for asbestos removal and abatement. *Id.* Jarurn has assumed responsibility for the additional cost of replacing the flooring. *Id.*

**C. Procedural Background**

On February 12, 2018, pursuant to 41 U.S.C. § 7103, Jarurn submitted a claim for $32,000 to Esther M. Tinort, the contracting officer named in the 2015 Lease. Compl. at Ex. B. The claim was made in accordance with the Contract Disputes Act of 1978, as required by the 2015 Lease. *Id.* at ¶¶ 4-5, Ex. A. On February 15, 2018, Frank N. Mason

confirmed receipt of Jarurn's claim by USPS. *Id.* at ¶ 6, Ex. C. The contracting officer failed to provide a response within 60 days, deeming it denied pursuant to 41 U.S.C. § 7103(f)(5).[3] *Id.* at ¶ 7. This action followed.

As noted above, Jarurn filed this action on August 14, 2018, seeking damages for: (1) an alleged breach of contract by USPS for failing to pay for the removal and abatement of friable asbestos; (2) an alleged breach of the implied covenant of good faith and fair dealing by USPS for failing to pay for the removal and abatement of friable asbestos; and (3) unjust enrichment of USPS by refusing to pay for the removal and abatement of friable asbestos. *Id.* at ¶¶ 24-35.

The government filed its motion to dismiss on December 14, 2018. Def.'s Mot. to Dismiss ("Def.'s MtD") (ECF No. 8). Briefing on the motion was completed on April 16, 2019. Argument was heard on July 2, 2019.

## II.     STANDARD OF REVIEW

In ruling on a motion to dismiss pursuant to RCFC 12(b)(1), a court must accept all uncontested factual assertions within the complaint as true and correct and determine whether the court has jurisdiction over the claim presented given those facts. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014) (citation omitted). In ruling on a 12(b)(6) motion to dismiss, the court must decide whether the plaintiff has

---

[3] 41 U.S.C. § 7103(f)(5) states that "[f]ailure by a contracting officer to issue a decision on a claim within the required time period is deemed to be a decision by the contracting officer denying the claim and authorizes an appeal or action on the claim as otherwise provided in this chapter. However, the tribunal concerned may, as its option, stay proceedings of the appeal or action to obtain a decision by the contracting officer."

provided "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 8(a); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facts pleaded are accepted as true at this stage, and inferences are to be made in favor of the plaintiff. *Athey v. United States*, 908 F.3d 696, 706 (Fed. Cir. 2018) (citation omitted). Legal conclusions and conclusory statements, however, are not entitled to this presumption of truth. *K-Tech Telecomm., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1282 (Fed. Cir. 2013). A complaint should only be dismissed under RCFC 12(b)(6) "when the facts asserted by the claimant do not entitle him to a legal remedy." *Welty v. United States*, 926 F.3d 1319, 1324 (Fed. Cir. 2019) (citation omitted). In this connection, "when ruling on Rule 12(b)(6) motions to dismiss" the court must consider "documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see also State of Mont. v. United States*, 33 Fed. Cl. 82, 88 n.4 (1995) ("Documents referred to and relied upon in the complaint . . . are not beyond the pleadings and may be considered by the court in deciding whether to dismiss the complaint for failure to state a claim.") (citation omitted).

### III.  DISCUSSION

#### A.  **Jarurn Has Failed To State A Claim For Breach Of Contract**

Jarurn alleges that USPS breached the 2015 Lease when it declined to "provide payment for the removal of the friable asbestos material." Compl. ¶ 28. According to Jarurn, because USPS' original 1970 Lease with the previous landlord included a provision requiring the installation of the asbestos tile, USPS is liable for remediating the

asbestos found to be friable in 2015. Compl. ¶¶ 8-9, 15-17. Jarurn's claim rests on Section 9 of the 2015 Lease's "General Conditions," which states:

> *Unless due to the act or negligence* of the Postal Service, if . . . friable asbestos material . . . [is] subsequently identified on the premises, the Landlord agrees to remove such materials or substances upon notification by the Postal Service at Landlord's sole cost and expense in accordance with EPA and/or state guidelines[.]

*Id.* at Ex. A at GC-2 § 9 (emphasis added). Jarurn argues that USPS' alleged specification and insistence that asbestos tiles be used in 1970 constituted an "act" which makes USPS responsible for the cost of removing the asbestos tiles forty-five years later. Compl. ¶ 27.

The government argues in its motion to dismiss that Jarurn's interpretation of the Lease Agreement is unreasonable and does not support a breach of contract claim. The government argues that the phrase "[u]nless due to the act or negligence of the Postal Service" only covers acts or negligence by USPS that take place while USPS is in a contractual relationship with Jarurn. Def.'s MtD at 7. Because the alleged USPS "act" of requiring asbestos tiles occurred in 1970, and not during the term of Jarurn's Lease Agreement with USPS, the government contends that Jarurn is responsible for the asbestos removal. *Id.* The government contends that to read the Lease Agreement to mean that USPS is liable for actions taken years before Jarurn entered into its lease with USPS would create a "weird and whimsical result." *Id.* (quoting *Gould, Inc. v. United States*, 935 F.2d 1271, 1274 (Fed. Cir. 1991) (quoting *Arizona v. United States*, 216 Ct. Cl. 221, 575 F.2d 855, 863 (1978))); *see Chevron U.S.A., Inc. v. United States*, 110 Fed. Cl. 747

(2013) ("Construction of the terms of a contract, like construction of a statute, should 'avoid absurd and whimsical results'") (quoting *Nw. Marine Iron Works v. United States*, 493 F.2d 652, 657 (Ct. Cl. 1974)).  As the government explains, Jarurn purchased the premises in 1995, Compl. ¶ 10, twenty-five years after the asbestos tiles were installed, Compl. ¶¶ 8-9, and thus could not have reasonably understood that the "act or negligence" exception in Section 9 would apply to materials installed by the prior landlord.  The government argues that Section 9 does not apply and thus Jarurn is responsible for the asbestos removal.

The government further argues that requiring asbestos tiles to be installed under the 1970 Lease with Jarurn's predecessor, assuming USPS stipulated that asbestos tiles be installed on the premises, is in any event not an "act" within the meaning of the 2015 Lease.  Def.'s MtD at 8 ("It is axiomatic that contract formation is different than contract performance. *Compare Restatement (Second) of Contracts* Ch. 2-4 (1981) *with id.* Ch. 10-11.").  The government explains that a contract which requires that asbestos tiles be used is not an "action" by USPS. Rather, it is a contract provision to which both parties agreed to be bound. *Restatement (Second) of Contracts* §§ 1-2 (defining a contract as a promise to act or refrain from acting), 17-18 (explaining the requirement of a bargain and the manifestation of mutual assent).[4] The court understands the government to argue that

---

[4] The government further argues, in the alternative, that even if Jarurn is correct, and a provision in a decades-old lease constitutes the Postal Service's "act" under Section 9 of the current Lease, that fact merely removes Jarurn's obligation to abate the asbestos and does not make USPS liable for the cost. Def.'s MtD at 8-9. Because the court finds for the reasons stated above that Jarurn's reading of the Lease Agreement is not supported, the court does not reach this argument.

9

Jarurn, and not USPS, is liable for removing the asbestos tiles and paying for the removal and abatement unless USPS by some act or negligence caused the asbestos tiles to become friable during the period of Jarurn's lease with USPS.

In response to the government's arguments, Jarurn contends that the 2015 Lease contains no time limitation as to USPS' "acts" and thus the agreement unambiguously confirms Jarurn's interpretation. Pl.'s Resp. at 7-8 (ECF No. 12). Jarurn argues that its interpretation is also supported by *Poorvu v. United States*, 420 F.2d 993, 999 (Ct. Cl. 1970), and *Spodek v. United States*, No. 3:07-1888, 2017 WL 770568 at *1 (N.D. Tex. Feb. 28, 2017). *Id.* at 5-6. Those cases provide that the government can be liable for breach of an implied warranty in situations where the government has required a design specification that later proves to cause damage.

The court finds that Jarurn's reading of the Lease Agreement is unsupported, and thus, Jarurn has not stated a breach of contract claim against the government. The "act" that Jarurn complains of in this case is USPS' alleged agreement with the previous landlord to install asbestos floor tiles. Compl. ¶¶ 8-9.[5] It is unreasonable to read the term "act" in Jarurn's 2015 Lease to include an alleged USPS specification that the prior landlord install asbestos tiles under a prior lease. The court agrees with the government that a contract requirement that the prior landlord use asbestos tiles is not an "act" or

---

[5] Several times in its response, Jarurn argues that the Government "does not deny that it specified the asbestos floor tiles at issue or that the asbestos floor tile caused the hazardous condition on the Premises." *See* Pl. Resp. at 2; *see also id.* at 4, 6, 7. Not only would such a factual denial be inappropriate in the context of a motion to dismiss, but the government expressly reserved the right to challenge Jarurn's factual allegations should its motion to dismiss be denied. *See* Def.'s MtD at 2, n.1.

negligence triggering USPS' liability under Section 9 of the 2015 Lease.  Section 9 absolves USPS of liability for asbestos removal unless USPS' "act or negligence" causes the asbestos to become "friable" and thus in need of removal and abatement. Jarurn's reading of Section 9 ignores the language of the 2015 Lease and of the lease term, which limits USPS' liability for "acts" to the term of the lease. In short, the 2015 Lease unambiguously states that the landlord is responsible for the removal and abatement of asbestos in all situations except where the *subsequent identification* of friable asbestos is due to the "act or negligence" of USPS; USPS' prior specification under another contract is not sufficient to give rise to USPS' liability under the 2015 Lease. The court finds that Jarurn's reading of the 2015 Lease conflicts with the plain meaning of Section 9 which refers to "act[s] or negligence" subsequent to the signing of the 2015 Lease.

Jarurn's reliance on *Poorvu* and *Spodek* to suggest that USPS can be liable for a breach of contract under the 2015 Lease based on an alleged defective design specification is misplaced. In *Poorvu*, the Court of Claims, relying on *United States v. Spearin*, held that an implied warranty extended from the Postal Service's faulty design specifications to the builder-lessor as well as to the party to whom the builder immediately assigned his rights to the original lease term. 420 F.2d at 998 (citing *United States v. Spearin*, 248 U.S. 132 (1918)). At issue in *Poorvu* was an agreement between a landlord and the Post Office Department ("POD") which provided that the landlord would construct a building to POD's specifications and in return POD would lease it for thirty years. *Id.* at 995-96. Three years into the lease term, the original landlord sold the property and assigned the lease to Poorvu.  *Id.* at 996-97.  Prior to construction, the POD

11

removed certain pilings from the design that were to be placed under the outside parking lot and maneuvering area.  *Id.* at 996.  Failure to include these pilings eventually caused a break in the water main and damage to the property.  *Id.* at 997.  The Court of Claims concluded on these facts that the contract to construct the building and the lease agreement were actually one contract, *id.* at 999-1000, and held that the POD's design specifications included an implied warranty that if the building were constructed in accordance with the plans, it "would be fit for its intended purpose, i.e. suitable for rental for at least the initial rental period[.]" *Id*. at 997.

The facts in *Poorvu* are clearly distinguishable from the facts in this case. Jarurn's complaint does not allege any warranty regarding asbestos tiles in the 1970 Lease, much less the assignment of a warranty to Jarurn. Nothing in *Poorvu* suggests that it governs a case involving a subsequent lease agreement made decades later with a different landlord who entered into a new lease with USPS.  For these same reasons, Jarurn's reliance on *Spodek* is misplaced. *Spodek* involved a single lease and construction agreement in which USPS was held to have extended an implied warranty of specification.  *Spodek*, 2017 WL 770568 at *1; *see also* Opp. at 6. *Spodek* did not involve a subsequent lease with a different landlord.

Finally, both *Spodek* and *Poorvu* involved claimed breaches of implied warranty. Jarurn has not pled a claim for breach of implied warranty. "To recover for a breach of implied warranty, a plaintiff must allege and prove (1) that a valid warranty existed, (2) the warranty was breached, and (3) the plaintiff suffered harm caused by the breach." *Lakeshore Eng'g Servs., Inc. v. United States*, 748 F.3d 1341, 1348-49 (Fed. Cir. 2014)

(citing *Hercules v. United States*, 24 F.3d 188, 197 (Fed. Cir. 1994)). Jarurn's complaint does not contain any allegations of any such warranty. *See generally* Compl. In fact, the word "warranty" does not appear in Jarurn's complaint. Jarurn has therefore failed to allege "that a valid warranty existed," as required to state a claim for breach of such a warranty. *See Lakeshore*, 748 F.3d at 1348-49. Moreover, even if Jarurn had alleged a breach of warranty claim in its complaint, this court would not have jurisdiction over such claim. Jarurn never asserted breach of warranty before the contracting officer. Therefore, the claim is outside of this court's jurisdiction. *See* 41 U.S.C. § 7103(a)(1) ("Each claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision."); 41 U.S.C. § 7104(b)(1) (granting jurisdiction to the Court of Federal Claims for contractor appeals of "the decision of a contracting officer under section 7103 of this title").

It is for all of these reasons that Jarurn has failed to state a breach of contract claim.

### B. Jarurn Has Failed To State A Claim For Breach Of The Implied Covenant Of Good Faith And Fair Dealing

The government argues that Jarurn's claim for breach of the covenant of good faith and fair dealing must be dismissed because Jarurn has not alleged facts to support a breach of the covenant of good faith and fair dealing. Under the Restatement of Contracts:

> To state a claim for breach of the implied covenant of good faith and fair dealing, a party must do more than allege a simple breach of contract. Specifically . . . a party generally must allege some kind of "subterfuge[ ]" or "evasion[ ]," such as "evasion of the spirit of the

13

> bargain, lack of diligence and slacking off, willful rendering of imperfect performance, abuse of a power to specify terms, [or] interference with or failure to cooperate in the other party's performance."

*Dotcom Assocs. I, LLC v. United States*, 112 Fed. Cl. 594, 596 (2013) (quoting *Restatement (Second) of Contracts* § 205 (1981)).  The government contends that Jarurn has not alleged anything more than a breach of contract claim. Def.'s MtD at 9 (citing Compl. ¶¶ 30-31).  Jarurn argues in response that it has stated a breach of good faith claim because "[i]t is the Postal Service's inaction in abating the environmental condition it caused and its position that the 2015 Lease supports that the friable asbestos can remain on the Premises unabated that is a breach of the implied covenant of good faith and fair dealing[.]" Pl.'s Resp. at 11.

The court agrees with the government. While every contract includes an implied covenant of good faith and fair dealing, the scope of that duty "depends in part on what that contract promises (or disclaims)." *Precision Pine & Timber, Inc. v. United States*, 596 F.3d 817, 830 (Fed. Cir. 2010).  This implied covenant "cannot expand a party's contractual duties beyond those in the express contract or create duties inconsistent with the contract's provisions." *Id.* at 831.  "[A]n act will not be found to violate the duty (which is implicit in the contract) if such a finding would be at odds with the terms of the original bargain, whether by altering the contract's discernible allocation of risks and benefits or by conflicting with a contract provision." *Metcalf Constr. Co. v. United States*, 742 F.3d 984, 991 (Fed. Cir. 2014). Here, to state a claim for breach of the implied covenant of good faith and fair dealing, Jarurn had to allege a specific provision of the

14

contract "was undermined by the government's actions." *Dobyns v. United States*, 915 F.3d 733, 740-41 (Fed. Cir. 2019); *Precision Pine*, 596 F.3d at 831. Jarurn has not identified any contract provision or a contract right that was undermined by USPS' actions. Jarurn has only asserted that USPS failed to assume its responsibilities with regard to the asbestos tiles found on the premises. This is the same claim as Jarurn's breach of contract claim. That the parties to the 2015 Lease disagree as to the meaning of Section 9 does not convert a breach of contract claim to a breach of implied covenant of good faith and fair dealing. As such, Jarurn's claim for breach of the implied covenant of good faith and fair dealing must be dismissed for failure to state a claim.

### C. The Court Lacks Jurisdiction Over Jarurn's Claim For Unjust Enrichment

It is well-settled that claims for unjust enrichment are based on a theory of implied-in-law contracts for which this court lacks jurisdiction. "An unjust enrichment claim is an equitable implied-in-law contract claim." *Copar Pumice Co., Inc. v. United States*, 112 Fed. Cl. 515, 538 (2013) (citing *Int'l Air Response v. United States*, 75 Fed. Cl. 604, 612 (2007); *Cross Country Indus., Inc. v. United States*, 231 Ct. Cl. 899, 901 (1982)). The Tucker Act does not waive sovereign immunity for claims that are implied-in-law. *Hercules, Inc. v. United States*, 516 U.S. 417, 423 (1996) ("We have repeatedly held that [the jurisdiction of the claims court] extends only to contracts either express or implied in fact, and not on contracts implied in law") (citation omitted); *Trauma Serv. Grp. v. United States*, 104 F.3d 1321, 1324-25 (Fed. Cir. 1997). Jarurn has no response to this established precedent. Nor could Jarurn allege an implied in fact contract where there

is an express agreement between the parties regarding the same subject matter. *See Seh Ahn Lee v. United States*, 895 F.3d 1363, 1373 (Fed. Cir. 2018) ("It is well settled that 'the existence of an express contract precludes the existence of an implied-in-fact contract dealing with the same subject matter, unless the implied contract is entirely unrelated to the express contract.'") (citations omitted); *Trauma Serv. Group v. United States*, 104 F.3d 1321, 1328 (Fed. Cir. 1997) ("an implied-in-fact contract cannot exist if an express contract already covers the same subject matter") (citation omitted). Therefore, Jarurn's claim for unjust enrichment is outside the jurisdiction of this court and must be dismissed.

## CONCLUSION

For these reasons, the court **GRANTS** the government's motion to dismiss Jarurn's complaint in its entirety. The clerk shall enter judgment dismissing the case consistent with this opinion.

**IT IS SO ORDERED.**

s/Nancy B. Firestone
NANCY B. FIRESTONE
Senior Judge